```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROY CLENDINEN,

                        Petitioner,              05 Civ. 7657 (PKC)

        -against-
                                                 MEMORANDUM
                                                 AND ORDER
DAVID UNGER, Superintendent,
Collins Correctional Facility,

                        Respondent.
-----------------------------------------------------------x
```

P. KEVIN CASTEL, District Judge:

       Roy Clendinen, an inmate in the custody of the New York Department of Correctional Services, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has moved to stay all proceedings related to this petition in order to allow him to exhaust his remedies in state court. For the reasons set forth below, petitioner's motion for a stay is denied. This Court has considered the petition on its merits and it, too, is denied.

Background and Procedural History

       Petitioner, after being arrested in connection with an incident occurring on March 10, 2001, initially pled not guilty to charges of Robbery in the Second Degree, Robbery in the Third Degree, Grand Larceny in the Fourth Degree, and Criminal Possession of Stolen Property in the Fifth Degree. Petitioner's trial on these charges commenced on May 15, 2002 in the Supreme Court of the State of New York, Bronx County (Donnino, J.). On the second day of trial, May 16, after negotiations between the prosecution and the defense, petitioner agreed to plead guilty to the Third Degree Robbery count, for an agreed sentence of three to six years imprisonment. After conducting a plea allocution in which the

court personally addressed petitioner, the trial court accepted petitioner's guilty plea, and promised to impose the agreed-upon sentence.

On June 17, 2002, petitioner appeared for sentencing. When he appeared, petitioner submitted to the court a pro se motion to withdraw his guilty plea. Petitioner's counsel handed it up to the court and handed a copy to the prosecution, describing the nature of the motion, but otherwise refraining from comment. The court, after recessing to review petitioner's motion papers, denied the motion, and stated on the record its intent to issue a written order explaining the bases for the denial. After the motion had been orally denied, but prior to the trial court's imposition of sentence, petitioner's trial counsel indicated to the court that counsel had reviewed the presentence report prepared by the probation authorities, and that the report indicated that petitioner had admitted his guilt to the probation department. The court then sentenced petitioner, as a second felony offender, to the agreed-upon sentence of an indeterminate term of imprisonment of three to six years.

On July 8, 2002, the trial court issued its written order explaining its denial of petitioner's motion to withdraw his guilty plea. The court noted that, on the day of sentencing, it reviewed petitioner's motion papers and found them "meritless on their face." (July 8 Order at 3) The court held that petitioner's guilty plea was "knowingly, voluntarily, and intelligently entered," and that the allegations in petitioner's motion papers that his counsel had informed him that, if he did not plead guilty, the court had expressed its intention to impose a sentence of 25 years to life, were simply not credible. The court also noted that, in light of the mandatory minimum sentence faced by petitioner on the charges as originally filed – 16 years to life – and the relatively favorable plea bargain offered, there was no reason to question the effectiveness of petitioner's counsel in suggesting that petitioner accept the plea offer. (Id. at 4-6)

Petitioner appealed his conviction, on the grounds that his trial counsel was constitutionally ineffective in connection with petitioner's pro se motion to withdraw his guilty plea and sentencing, and that his sentence should be reduced in the interest of justice. By order dated February 3, 2004, the Appellate Division, First Department, affirmed the trial court. People v. Clendinen, 4 A.D.3d 116 (1st Dep't 2004). The Appellate Division held that the trial court properly exercised its discretion in denying the petitioner's motion to withdraw his guilty plea, and that petitioner's counsel was not ineffective, and was not operating under a conflict of interest when, after petitioner's pro se motion to withdraw his plea had been decided, counsel informed the trial court that petitioner had admitted his guilt to the probation department. Id. at 116-17. The Appellate Division also found no basis for reduction of petitioner's sentence. Id. at 117. Petitioner sought leave to appeal to the New York Court of Appeals, and, by order dated May 26, 2004, leave was denied. 2 N.Y.3d 797 (2004).

On August 15, 2005, petitioner timely filed the instant petition, seeking relief on the ground that he was deprived of his right to the effective assistance of counsel in the state court proceedings. Specifically, Clendinen asserts the following as factual predicates for his claim of ineffective assistance: trial counsel failed to ensure that petitioner was permitted to testify before the grand jury; trial counsel failed to adopt petitioner's pro se motion to dismiss the indictment based on a violation of New York's speedy trial act, and failed to timely turn over a copy of the motion to the prosecution; trial counsel failed to raise a challenge to the trial court's subject matter jurisdiction; trial counsel failed to submit a timely grand jury notice; trial counsel failed to seek Rosario material;[1] and trial counsel advised petitioner to plead guilty despite petitioner's protestations of innocence, and then

---

[1] See People v. Rosario, 9 N.Y.2d 286 (1961) (prior statements of prosecution witnesses must be turned over to defendant).

acted as a witness against petitioner when, at petitioner's sentencing, counsel informed the court that petitioner had admitted his guilt to the probation department.  Petitioner also asserts that his appellate counsel was ineffective, in that, on appeal, counsel failed to challenge the trial court's subject matter jurisdiction, failed to raise the issue of the ineffectiveness of trial counsel, and failed to raise the issue of the trial court's failure to adjudicate petitioner's pro se speedy trial motion.

On October 13, 2005, petitioner filed a notice of motion seeking, <u>inter</u> <u>alia</u>, a stay of his habeas petition "to allow for exhaustion of certain claims."  Respondent opposed petitioner's motion for a stay.  On February 22, 2006, I issued a Memorandum and Order, denying petitioner's motion for a stay, without prejudice to renewal.  <u>Clendinen v. Unger</u>, 2006 WL 435427 (S.D.N.Y. Feb. 22, 2006).  In that opinion, I called the parties' attention to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005).  In <u>Rhines</u>, the Supreme Court held that district courts are permitted to stay "mixed" habeas petitions – those containing both exhausted and unexhausted claims – and hold in abeyance proceedings related thereto, pending petitioners' efforts to exhaust the unexhausted claims, only if the court "determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  <u>Id.</u> at 277.  The Court further held that, even if a petitioner makes out a showing of good cause, it would be an abuse of discretion to grant a stay where petitioner's claims are "plainly meritless."  <u>Id.</u>  After <u>Rhines</u>, stay and abeyance should only be employed "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  <u>Id.</u> at 278.

Because <u>Rhines</u> had been recently decided, and because neither petitioner nor respondent had addressed the issue of good cause for petitioner's failure to exhaust his claims, I gave petitioner until March 31, 2006 to renew his application for a stay, addressing

the good cause issue. I also provided respondent the opportunity to respond to any renewed motion, and petitioner the opportunity to reply.

While petitioner's initial stay motion was pending, respondent filed papers opposing the petition on its merits, and petitioner filed a traverse in reply. Thus, the instant petition is fully submitted.

Discussion

In order to properly exhaust a claim of ineffective assistance of counsel, each factual allegation underlying the claim must have been presented to the state courts. Caballero v. Keane, 42 F.3d 738, 740-41 (2d Cir. 1994); see also Lebron v. Girdich, 2003 WL 22888809 at *4, n.8 (S.D.N.Y. Dec. 5, 2003) (citing Rodriguez v. Hoke, 928 F.2d 534, 538 (2d Cir. 1991)). Such a rule ensures that the state court is given the first opportunity "to examine all of the circumstances and cumulative effect of the [ineffective assistance] claims." Reyes v. Phillips, 2003 WL 42009 at *3 (S.D.N.Y. Jan. 6, 2003) (citations omitted).

Here, petitioner concedes that the only basis for his claim that he was denied the effective assistance of trial counsel which was presented to the state courts on appeal is that related to trial counsel's failure to adopt petitioner's pro se motion to withdraw his guilty plea and counsel's allegedly acting as a witness against petitioner at petitioner's sentencing. The remainder of his ineffective assistance allegations as to trial counsel were not presented on appeal. Thus, his ineffective assistance of trial counsel claim was only partially exhausted.

Petitioner's claim that his appellate counsel was ineffective is entirely unexhausted. New York permits defendants to raise ineffective assistance of appellate counsel by seeking a writ of error coram nobis. Smith v. Duncan, 411 F.3d 340, 347 n.6 (2d Cir. 2005). Petitioner has not done so. Failure to seek such relief in state court renders such

a claim unexhausted. See, e.g., Word v. Lord, 2002 WL 31119432 at *3-*4 (S.D.N.Y. Sept. 24, 2002).

As discussed above, after Rhines, staying a habeas petition to allow a petitioner to exhaust unexhausted claims is only appropriate if the petitioner can show "good cause" for failure to exhaust, if the unexhausted claims are potentially meritorious, and if petitioner does not appear to be engaging in dilatory litigation tactics. Rhines, 544 U.S. at 278. The Rhines court did not define "good cause," nor has any Court of Appeals to date supplied a definition. See Brown v. Ebert, 2006 WL 1273830 at * 2 (S.D.N.Y. May 9, 2006) (citation omitted). The Supreme Court did, in a case decided after Rhines, provide an example of what might constitute good cause under the Rhines test: "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court [without exhausting his claims in state court]." Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Petitioner's papers in support of his renewed motion suggest that a stay would be appropriate here because his claims of ineffective assistance of counsel are meritorious and because such a stay "would not substantially harm other parties." Even if true, these assertions do not speak to the issue of good cause. Petitioner also asserts that his failure to exhaust may be attributed to his inability to obtain – from the Bronx District Attorney's Office pursuant to the Freedom of Information Law ("FOIL"),[2] or from his prior counsel – documents that he believes might aid him in pursuing a motion to vacate his judgment of conviction under New York Penal Law § 440.10. Without these documents, petitioner says, he is "unable to make intelligent decisions regarding arguments in postconviction proceedings."

---

[2] See N.Y. Pub. Off. Law §§ 84 et seq.

Petitioner attaches to his affirmation in support of his renewed motion for a stay 23 exhibits, consisting, in part, of correspondence between petitioner and the Bronx DA's Office and between petitioner and his appellate counsel. The Bronx DA's Office, in responding to petitioner's requests for documents, informed petitioner that some of the documents he requested were previously turned over to his counsel, and were thus not required, under New York law, to be turned over to petitioner absent a showing that such documents were no longer available. See Franklin v. Keller, 254 A.D.2d 83 (1st Dep't 1998). The DA's Office also denied petitioner's request for materials that would be protected as attorney work product of the DA's Office. With regard to other materials requested, the DA's Office agreed to produce such materials to petitioner, subject to the mandatory fee of $.25 per page. See N.Y. Pub. Off. Law § 87(1)(b)(iii); Ragland v. Keane, 1996 WL 655810 at *1 (S.D.N.Y. Nov. 12, 1996) (state inmate "has no right to obtain documents free of charge pursuant to the New York State Freedom of Information Law") (citations omitted).

Correspondence from petitioner's appellate counsel indicates that counsel, in response to petitioner's requests, sent petitioner copies of those documents which were in counsel's possession. Moreover, a Senior Court Clerk at the Bronx County Supreme Court informed petitioner, in response to an inquiry, that some of the documents petitioner sought might be available in the court's file, and that he was welcome to send someone to review the file, and copy any documents at a charge of $.15 per page.

Courts have generally held that, in order to show good cause, a petitioner must, at the very least, demonstrate that the failure to exhaust is attributable to "external factors," i.e., that the reasons for the failure do not rest with the petitioner. See, e.g., Ramdeo v. Phillips, 2006 WL 297462 at *5-*6 (E.D.N.Y. Feb. 8, 2006); Bryant v. Greiner, 2006 WL 1675938 at * 6 (S.D.N.Y. June 15, 2006); but see, e.g., Briscoe v. Scribner, 2005 WL

3500499 (E.D. Cal. Dec. 21, 2005) (requiring only "a prima facie case that a justifiable, legitimate reason exists which warrants the delay of federal proceedings while exhaustion occurs"), report and recommendation adopted, 2006 WL 568224 (E.D. Cal. Mar. 3, 2006). At least one court has found that delayed access to "trial records" suffices to constitute good cause for failure to exhaust. See Bryant v. Carey, 2006 WL 241479 at *2 (E.D. Cal. Feb. 1, 2006), report and recommendation adopted, 2006 WL 842889 (E.D. Cal. Mar. 28, 2006).

Here, it is questionable whether petitioner's failure to exhaust can be said to be attributable to external factors. Though he contends that he has been unable to obtain documents he considers crucial to pursuit of postconviction relief, it appears that all documents to which petitioner was entitled were, in fact, made available to him subject to payment of the applicable (and non-waivable) copying fees. However, the Court need not decide whether petitioner has met the good cause standard. Even if petitioner is deemed to have shown good cause for his failure to exhaust his claims, his motion for a stay must be denied, as the underlying claims are meritless.

The allegations of ineffective assistance of trial counsel which were not presented to the state courts – failure to secure petitioner's right to testify before the grand jury, failure to adopt petitioner's pro se speedy trial motion, failure to submit a timely grand jury notice, and failure to seek Rosario material – each relate to events which preceded petitioner's guilty plea. As such, they cannot form the basis for a successful habeas petition.

"[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Thus, "[a] petitioner's unconditional guilty plea waive[s] all claims of ineffective assistance of counsel

relating to events prior to the guilty plea that did not affect the voluntariness of his plea." Vasquez v. Parrott, 397 F. Supp. 2d 452, 463 (S.D.N.Y. 2005) (citations omitted); see also United States v. Coffin, 76 F.3d 494, 497-98 (2d Cir.) (defendant's "guilty plea effectively waived all ineffective assistance claims relating to events prior to the guilty plea"), cert. denied, 517 U.S. 1147 (1996); Smith v. Burge, 2005 WL 78583 at *7-*8 (S.D.N.Y. Jan. 12, 2005) ("if a habeas petitioner entered a voluntary and knowing guilty plea while represented by competent counsel, any non-jurisdictional defects . . . are waived") (citations omitted); Conyers v. McLaughlin, 2000 WL 33767755 at *4 (N.D.N.Y. Jan. 27, 2000) ("[i]neffective assistance claims are waived except as they directly relate to voluntariness").

Application of this rule to petitioner's unexhausted claims bars habeas relief based on any of the above-mentioned acts or omissions of trial counsel. The only possible exception is petitioner's assertion that counsel failed to challenge the trial court's subject-matter jurisdiction. This allegation, too, however, is meritless. As trial counsel undoubtedly knew, the New York State Supreme Court has "[e]xclusive trial jurisdiction of felonies," a category which includes the Third Degree Robbery charge to which petitioner pled guilty. See N.Y. Crim. Proc. Law § 10.20(1)(a).

Addressing the only ineffective assistance of trial counsel theory that petitioner did present to the state courts – the claim that his attorney was operating under a conflict of interest in connection with petitioner's guilty plea, and that, plagued by that conflict, counsel failed to adopt petitioner's motion and acted as a witness against petitioner at his sentencing – I conclude that petitioner has not made out a claim of ineffective assistance.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court exercising habeas jurisdiction may only disturb a state court adjudication if such adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if it "contradicts the governing law" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from" the Supreme Court. Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

An unreasonable application of federal law is more than an incorrect application, but the petitioner need not show that all reasonable jurists would agree that a state court determination is incorrect in order for it to be unreasonable. Id. at 409-12. Instead, a federal court should review a state court's interpretation of federal law using a standard of objective reasonableness. Id. at 409. The "increment of incorrectness beyond error . . . need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks and citation omitted). "We must presume the state court's factual findings to be correct and may overturn those findings only if petitioner offers clear and convincing evidence of their incorrectness." Yung v. Walker, 341 F.3d 104, 109 (2d Cir. 2003) (citing 28 U.S.C. § 2254(e)).

To succeed on a claim of ineffective assistance of counsel, a petitioner must establish both that the challenged representation "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). "The essence of an ineffective assistance

claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." Kimmelman v. Morrison, 477 U.S. 365, 374 (1986). Petitioner bears the burden of proof on both prongs of the Strickland inquiry. See Greiner v. Wells, 417 F.3d 305, 319 (2d Cir. 2005), cert. denied, 126 S. Ct. 1363 (2006).

The Supreme Court has made clear that a court assessing the issue of ineffective assistance need not address both prongs of the inquiry, as an insufficient showing on either dooms such a claim. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

"It is past question that the rule set forth in Strickland qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams, 529 U.S. at 391.

Petitioner here claims that his counsel was operating under an actual conflict of interest once petitioner made his pro se motion to withdraw his plea. Where a criminal defendant demonstrates that his counsel is faced with a conflict of interest, and that conflict "actually affected the adequacy of his representation," he need not demonstrate prejudice in order to make out a showing of ineffective assistance of counsel. Cuyler v. Sullivan, 446 U.S. 335, 349-50 (1980); Lopez v. Scully, 58 F.3d 38, 43 (2d Cir. 1995).

In Lopez, the Second Circuit held that, where a criminal defendant makes allegations in connection with a motion to withdraw a plea that his trial counsel coerced him into pleading guilty, a conflict of interest arises. The court held that, under such

circumstances, an attorney is placed in an untenable situation – "to argue in favor of his client's motion would require admitting serious ethical violations and possibly subject him to liability for malpractice; on the other hand, [a]ny contention by counsel that defendant's allegations were not true would . . . contradict his client." Lopez, 58 F.3d at 41 (internal quotation marks and citation omitted).  In that case, upon being presented at sentencing with the petitioner's pro se withdrawal motion accusing trial counsel of coercing the guilty plea, counsel stated, "For the record . . . I deny each and every allegation contained therein."  Id. at 40.  The trial court then proceeded to sentence the petitioner, apparently without any further inquiry of petitioner or counsel regarding the plea withdrawal motion.  The court did inquire of counsel whether he wished to speak on his client's behalf with regard to sentencing, and counsel responded that he would "leave the sentencing where it properly belongs, in the hands of the court."  Id.

   The Lopez court held that the petitioner's trial counsel was operating under a conflict of interest at the sentencing hearing.  However, the court recognized that, in order to establish a violation of the Sixth Amendment right to counsel, a defendant must show that the conflict adversely affected his attorney's performance.  Id. at 41 (citations omitted).  Showing an adverse affect requires that a defendant/petitioner demonstrate that there was some "plausible alternative defense strategy or tactic" that counsel could have pursued, and that such alternative strategy was either inherently in conflict with or was not pursued because of counsel's other loyalties or interests.  See United States v. Schwarz, 283 F.3d 76, 92 (2d Cir. 2003) (citations omitted); Lopez, 48 F.3d at 41 (citations omitted).

   In Lopez, the court held that trial counsel's stated opposition to the petitioner's plea withdrawal motion did not satisfy the adverse effect on representation test.  The court noted that "'plausible alternative defense strategy' does not embrace all

possible courses of action open to a defense attorney; it refers to those which a zealous advocate would reasonably pursue under the circumstances." Lopez, 58 F.3d at 42; see also Eisemann v. Herbert, 401 F.3d 102, 107 (2d Cir. 2005) (alternative must possess sufficient substance to make it viable) (citations omitted). In light of the petitioner's plea allocution, in which he admitted his guilt of the charged offense, indicated that he understood the consequences of his guilty plea, and stated that he was entering such a plea voluntarily, free from any coercion, the Second Circuit concluded that supporting the petitioner's plea withdrawal motion was not a plausible alternative strategy. The court found that a challenge to the voluntariness of the plea "would undoubtedly have been rejected and would have risked antagonizing the trial court immediately before sentencing. Moreover, if successful the motion would have jeopardized the availability of a favorable plea and permitted the judge to impose a considerably higher sentence after trial." Lopez, 58 F.3d at 42.

The court did find that counsel's decision not to make any statement on his client's behalf at sentencing, failing to argue for leniency, did meet the test for adverse effect on representation. Id. The court held that, in light of the fact that counsel had, just moments earlier, undermined his client's credibility in connection with the motion to withdraw the guilty plea, "arguing zealously for mitigation at sentencing was not only a viable alternative for the attorney but an advisable one." Id. This was true despite the fact that the petitioner's plea was entered in exchange for an agreed-upon sentence of 18 years to life. Id. Thus, the court remanded the case to the district court, with instructions to remand to New York State Supreme court solely for resentencing of the petitioner, at which petitioner was to be represented by new counsel. Id. at 43.

The Second Circuit has made clear that "Lopez should not be read as holding that the mere accusation of coercion, without more, is sufficient to create a

conflict of interest." United States v. Davis, 239 F.3d 283, 286 (2d Cir. 2001) (citing United States v. Moree, 220 F.3d 65, 71 (2d Cir. 2000)).

Here, counsel, in the face of petitioner's motion, did not choose to defend himself and, thus, he did not expressly cast doubt on his client's credibility. Rather, he made no statements whatsoever about the merits of the plea withdrawal motion, or the truth of petitioner's allegations of coercion. However, mere silence in the face of specific, detailed accusations of coercion has been held sufficient to demonstrate a conflict. See Davis, 239 F.3d at 287 (allegations that counsel threatened not to investigate and not to file pretrial motions if defendant refused to plead guilty).

Even assuming the allegations made by petitioner in his pro se motion – that he was coerced by counsel into pleading guilty despite his continued protestations of innocence, and that counsel informed petitioner that the trial judge had told counsel that, should petitioner be convicted after trial, the judge "would see to it that [petitioner] received the maximum amount of time he could give me . . . ." – suffice to create a conflict, under the standard set forth in Lopez, petitioner cannot demonstrate that any such conflict adversely affected counsel's representation. (Clendinen 6/6/02 Aff. at 1, 11)[3]

Here, as in Lopez, petitioner's plea of guilty was accepted by the trial court only after a thorough exchange between petitioner and the court, in which the court confirmed that petitioner was well aware of the rights he was giving up by pleading guilty. (Pl. Tr. at 6-11) The court also confirmed that petitioner had spoken with counsel prior to entering his plea, and that he was satisfied with counsel's representation. (Id. at 6) Petitioner stated that, other than the Court's agreement to impose a sentence of three

---

[3] I note that petitioner, in his pro se motion, also alleged that he was coerced into pleading guilty by the trial judge and the prosecutor. (Clendinen 6/6/02 Aff. at 1)

to six years, no promises or threats were made in order to coerce the plea. (Id. at 11-12) Moreover, unlike in Lopez, the trial court here – the very same judge who had presided over the plea allocution just described – recessed to review petitioner's pro se motion to withdraw his plea prior to ruling on it. (Sent. Tr. at 2) The court, after the recess, denied the motion, and, as described above, later issued a written opinion outlining its basis for the denial, which denial was affirmed by the Appellate Division.

In view of the trial court's conduct of an error-free plea allocution, advocacy by trial counsel on behalf of the withdrawal motion would not have constituted a viable alternative defense strategy. See Lopez, 58 F.3d at 42; Viscomi v. Conway, __ F. Supp. 2d __, 2006 WL 1928693 at *6-*7 (W.D.N.Y. Jul. 12, 2006). Where a defendant makes statements in open court in support of a guilty plea, such "'[s]olemn declarations in open court [, which] carry a strong presumption of verity'" should control over subsequent, unsupported, contradictory statements in an affidavit. Martinez v. Costello, 2004 WL 26306 at *5-*6 (S.D.N.Y. Jan. 5, 2004) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)) (additional citations omitted).

Once petitioner's pro se motion had been denied, in conjunction with petitioner's sentencing, counsel – unlike counsel in Lopez – did advocate on petitioner's behalf. Counsel pointed out to the trial court that petitioner had admitted his guilt to the probation department – a point emphatically in defendant's favor because he had accepted responsibility for his actions – and asked the court to impose the agreed-upon sentence. (Sent. Tr. at 3-4) As the Appellate Division noted, counsel's statement was not adverse to defendants motion, which had already been denied. Clendinen, 4 A.D.3d at 117. Moreover, as evident from counsel's statement, the fact that petitioner had admitted his guilt to the probation department was a matter of record, contained in the pre-sentence report. Where a statement by counsel merely reiterates facts in the record, it is not

adversarial to a defendant. See Benitez v. Green, 2005 WL 289753 at *11 (S.D.N.Y. Jan. 31, 2005).

In short, the state courts analyzed the merits of petitioner's motion to withdraw his guilty plea and determined that it was meritless. For purposes of an ineffective assistance claim, this Court concludes that, in light of the record, the motion "lacked sufficient substance to be a viable alternative." Lopez, 58 F.3d at 42 (citation and internal quotation marks omitted); see also Catino v. United States, 2001 WL 536928 at *9 (S.D.N.Y. May 21, 2001).

The Appellate Division's decision could not be said to have been an unreasonable application of clearly established federal law as determined by the Supreme Court.[4] Thus, to the extent petitioner exhausted his claim of ineffective assistance of trial counsel, it provides no basis for habeas relief.

Petitioner's unexhausted contention that his appellate counsel rendered constitutionally ineffective assistance is similarly meritless. Petitioner cites three bases for this contention – 1) that appellate counsel failed to raise the issue of ineffective assistance of trial counsel; 2) that appellate counsel failed to raise a challenge to the subject matter jurisdiction of the trial court; and 3) that appellate counsel failed to raise the trial court's failure to adjudicate a speedy trial motion. Failure to raise a meritless argument on appeal, of course, cannot constitute ineffective assistance of counsel. See Aparicio v. Artuz, 269 F.3d 78, 99 (2d Cir. 2001).

Here, this Court has already determined that petitioner's allegations of ineffective assistance of trial counsel – both exhausted and unexhausted – are meritless.

---

[4] The Second Circuit has noted that the Supreme Court has never specifically addressed a claim of ineffective assistance of counsel in connection with a failure to support a defendant's pro se motion to withdraw a guilty plea. See Hines v. Miller, 318 F.3d 157, 163 (2d Cir.), cert. denied, 538 U.S. 1040 (2003).

Where trial counsel is not ineffective, failure to argue on appeal such ineffectiveness does not constitute ineffective assistance of appellate counsel. See id. at 99, 99 n.10; Larrea v. Bennett, 368 F.3d 179, 183 (2d Cir. 2004). As discussed above, any challenge to the subject matter jurisdiction of the trial court would likewise have been meritless, as would a challenge to the trial court's failure to adjudicate a speedy trial motion, which predated the guilty plea, and was thus waived.

Petitioner's unexhausted claim for habeas relief, to the extent it alleges ineffective assistance of both trial and appellate counsel, is meritless. Thus, even if petitioner can show good cause for his failure to exhaust, he is not entitled to a stay of his petition. See Rhines, 544 U.S. at 278.

Under AEDPA, a district court is permitted to deny a habeas petition on the merits even if the petitioner has failed to exhaust his remedies in state court. See 28 U.S.C. § 2254(b)(2); Jones v. Keane, 329 F.3d 290, 294 n.6 (2d Cir.), cert. denied, 540 U.S. 1046 (2003). In assessing the merits of petitioner's unexhausted claims of ineffective assistance of trial and appellate counsel in connection with his motion for a stay, the Court has already concluded that the claims lack merit. As discussed above, the Court has also concluded that, to the extent petitioner exhausted his claim of ineffective assistance of trial counsel, the Appellate Division's decision affirming his conviction was not an unreasonable application of clearly established Supreme Court precedent. Thus, the petition for a writ of habeas corpus, like petitioner's motion for a stay, is denied.

Conclusion

Petitioner's renewed motion for a stay of his petition is DENIED. The petition for a writ of habeas corpus is DENIED. The Clerk is directed to enter judgment in favor of the respondent.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
August 22, 2006